**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| COUNTY OF HARRIS, TEXAS,<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY; NOVO NORDISK INC.; SANOFI-AVENTIS U.S. LLC; EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS, INC.; ESI MAIL PHARMACY SERVICES, INC.; EXPRESS SCRIPTS PHARMACY, INC.; CVS HEALTH CORPORATION; CAREMARK RX, L.L.C.; CAREMARK PCS HEALTH, L.L.C.; CAREMARK, L.L.C.; CAREMARK TEXAS MAIL PHARMACY, LLC; OPTUM, INC.; OPTUMRX INC.; AETNA RX HOME DELIVERY, LLC; AND AETNA PHARMACY MANAGEMENT SERVICES, LLC,<br><br>*Defendants.* | Civil Action No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Eli Lilly and Company, Sanofi-Aventis U.S. LLC, Express Scripts Holding Company, Express Scripts, Inc., ESI Mail Pharmacy Services, Inc., Express Scripts Pharmacy, Inc., CVS Health Corporation, Caremark RX, L.L.C., Caremark PCS Health, L.L.C., Caremark, L.L.C., Caremark Texas Mail Pharmacy, LLC, Optum Inc., OptumRx Inc., Aetna Rx Home Delivery, LLC, and Aetna Pharmacy Management Services, LLC, with the consent of all Defendants, give notice of removal of *County of Harris, Texas v. Eli Lilly and Company,*

*et al.* (case number 2019-83863), from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

This is a dispute between citizens of different states, where the amount in controversy far exceeds the jurisdictional threshold for removal. Plaintiff is a citizen of Texas, but every other party is not. Under settled law, removal to the federal court in this district is proper where complete diversity of citizenship exists among the parties.

### INTRODUCTION AND GROUNDS FOR REMOVAL

1. This lawsuit is the latest in a series of lawsuits filed around the country over the past three years relating to insulin pricing.[1] As in earlier iterations, the Plaintiff in this case (Harris County, Texas) alleges a "scheme" between pharmaceutical manufacturers and certain pharmacy benefit managers ("PBMs") to inflate the price of insulin and other diabetes medications. While all of the previous lawsuits named the manufacturers as defendants—and some initially named PBMs as defendants—none has identified pharmacies as participants in the alleged scheme. Plaintiff here likewise fails to allege that pharmacies were part of the purported scheme. Yet Plaintiff nonetheless includes as a defendant a pharmacy with a name that includes the word "Texas," presumably in a misguided effort to thwart federal diversity jurisdiction.

---

[1] *See, e.g.*, *In re Insulin Pricing Litig.*, No. 17-cv-00699 (D.N.J.); *Johnson v. OptumRX Inc., et al.*, No. 17-cv-00900 (D.N.J.); *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC, et al.*, No. 3:18-cv-2211 (D.N.J.); *Minnesota v. Sanofi Aventis U.S. LLC, et al.*, No. 3:18-cv-14999 (D.N.J.); *Kentucky v. Novo Nordisk Inc., et al.*, No. 19-CI-473 (Ky. Cir. Ct.); *Professional Drug Company, Inc., et al. v. Novo Nordisk Inc., et al.*, No. 19-cv-18326 (D.N.J.).

2. None of the Defendants in this case—including the pharmacy with "Texas" in its name—is a citizen of Texas.

3. Plaintiff is a Texas citizen.

4. Defendants include three pharmaceutical manufacturers that are not Texas citizens: Eli Lilly and Company (Indiana), Novo Nordisk Inc. (Delaware; New Jersey), and Sanofi-Aventis U.S. LLC (Delaware; New Jersey). Defendants also include four PBMs (and their subsidiaries and affiliates) that likewise are not Texas citizens: CVS Health Corporation (Delaware; Rhode Island); Caremark Rx, L.L.C. (Rhode Island); Caremark, L.L.C. (Rhode Island); CaremarkPCS Health, L.L.C. (Rhode Island); Express Scripts Holding Company (Delaware; Missouri); Express Scripts, Inc. (Delaware; Missouri); ESI Mail Pharmacy Service, Inc. (Delaware; Missouri); Express Scripts Pharmacy, Inc. (Delaware; Missouri); OptumRx, Inc. (California); Optum, Inc. (Delaware; Minnesota); Aetna Rx Home Delivery, LLC (Pennsylvania; Connecticut); and Aetna Pharmacy Management Services, LLC (Pennsylvania; Connecticut).

5. In addition, Plaintiff names as a defendant Caremark Texas Mail Pharmacy, LLC ("Caremark Texas"), a mail-order pharmacy that Plaintiff alleges to be a Texas entity for jurisdictional purposes. Plaintiff is wrong.

6. The citizenship of a limited liability company like Caremark Texas "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because the sole member of Caremark Texas is a citizen of Rhode Island (not Texas), settled Fifth Circuit law mandates that Caremark Texas

must also be considered a citizen of Rhode Island for purposes of diversity jurisdiction, regardless of where it was organized.

7. But even if Caremark Texas were a Texas citizen, the Court should disregard the citizenship of any defendant who was included for the sole purpose of evading federal jurisdiction. When a plaintiff sues diverse defendants and tacks on facially meritless claims against one or more non-diverse defendants in an effort to destroy diversity, courts are required to ignore the citizenship of the non-diverse defendants and retain diversity jurisdiction over the diverse parties. Here, the allegations in the Petition relating to Caremark Texas, contained in just three paragraphs, are threadbare jurisdictional recitals devoid of any allegation of wrongdoing.

8. Removal of this case is appropriate because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. And even if Caremark Texas were a non-diverse defendant, its citizenship should be ignored because Plaintiff's claims are not directed toward it, and it exists among the Defendants solely to defeat federal diversity jurisdiction.

## BACKGROUND

9. On November 21, 2019, the County of Harris, Texas ("Plaintiff") filed a petition in the 61st Judicial District Court of Harris County, Texas ("Petition"). As of the date of this notice of removal, no Defendant has been served with any process, pleadings, or orders.

10. The Petition asserts claims against two categories of defendants: "Manufacturer Defendants" and "Pharmacy Benefit Manager Defendants."

- The Manufacturer Defendants are identified in the Petition as Eli Lilly and Company, Novo Nordisk Inc., and Sanofi-Aventis U.S. LLC.

- The Pharmacy Benefit Manager ("PBM") Defendants are identified in the Petition as CVS Health Corporation; Caremark Rx, L.L.C.; Caremark, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark Texas Mail Pharmacy, LLC; Express Scripts Holding Company; Express Scripts, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; OptumRx, Inc.; Optum, Inc.; Aetna Rx Home Delivery, LLC; and Aetna Pharmacy Management Services, LLC.

11. The crux of Plaintiff's claims is that it was allegedly overcharged for insulin as a result of a "price fixing conspiracy" between the Manufacturer Defendants and the PBM Defendants to artificially inflate the price of insulin and other diabetes medications. Pet. ¶¶ 10-23. According to the Petition, the Manufacturer and PBM Defendants engaged in an "Insulin Pricing Scheme" whereby manufacturers artificially increased the reported prices of their insulin products while "secretly" paying rebates to PBMs in exchange for preferred treatment on drug formularies. *Id.* ¶ 16 (alleging that rebates paid to PBMs "are a *quid pro quo* for formulary inclusion"). These "scheme" allegations are lifted almost verbatim from complaints in a number of previously filed cases. *See, e.g.*, ECF No. 255, at ¶ 2, *In re Insulin Pricing Litig.*, No. 17-cv-699 (D.N.J. March 18, 2019) (alleging a "scheme" whereby drug manufacturers "artificially inflate the prices they publicly report" in exchange for "preferred positions on the PBMs' drug formularies").

12. The Petition asserts five causes of action against all Defendants: (1) violations of the Texas Free Enterprise and Antitrust Act ("TFEAA"); (2) common law

fraud; (3) money had and received; (4) unjust enrichment; and (5) civil conspiracy. Pet. ¶¶ 340-404.

13. The Petition also includes an application for temporary and permanent injunction. *Id.* ¶¶ 405-409.

## VENUE AND JURISDICTION

14. Venue is proper in this Court under 28 U.S.C. §§ 124(b)(2), 1391, 1441(a), and 1446(a) because the 61st Judicial District Court of Harris County, Texas, where the Petition was filed, is a state court within the Southern District of Texas.

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## ARGUMENT

### I.  Removal Is Proper Based On Diversity Jurisdiction.

16. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This action satisfies those requirements.

### A. Plaintiff Is Diverse From All Defendants.

17. Complete diversity of citizenship is present here because Plaintiff is a Texas citizen and all Defendants are citizens of states other than Texas.

#### 1. Plaintiff Is A Citizen Of Texas.

18. Plaintiff Harris County "is a body corporate and politic under the laws of the State of Texas." Pet. ¶ 27. As such, Plaintiff is a Texas citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction); *Pyramid Corp. v. DeSoto Cty. Bd. of Supervisors*, 366 F. Supp. 1299, 1301 (N.D. Miss. 1973) ("[C]ounties are considered citizens for the purposes of diversity.").

#### 2. No Defendant Is A Citizen of Texas.

19. Nine Defendants are alleged to be corporations. *See* Pet. ¶¶ 32, 52, 63, 85, 87, 89, 92, 107, 112. For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and every state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). None of the nine corporation Defendants in this matter are alleged to be incorporated or have its principal place of business in Texas. *See* Pet. ¶¶ 32, 52, 63, 85, 87, 89, 92, 107, 112.

20. Seven Defendants are alleged to be limited liability corporations, six of which lack any alleged jurisdictional connection to Texas. *See* Pet. ¶¶ 42, 65, 67, 69, 72, 124, 126. The only limited liability corporation Defendant alleged to have a jurisdictional connection to Texas is Caremark Texas, which Plaintiff alleges "is a Texas limited liability company." *Id.* ¶ 72.

21. Under the law of this Circuit, the "citizenship of a LLC is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. Thus, the citizenship of Caremark Texas's members—not the state in which it was organized—determines its citizenship for diversity purposes. *See id.*; *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (finding allegations that an LLC is "organized and existing under the laws of the State of Texas" to be irrelevant for purposes of diversity jurisdiction).[3]

22. The Petition contains no allegations concerning the membership of Caremark Texas. In fact, Caremark Texas is owned entirely by another limited liability corporation (Caremark Texas Mail Pharmacy Holding, LLC), which in turn is owned entirely by another (Caremark, L.L.C.), which in turn is owned entirely by Caremark Rx, L.L.C. The last in this chain of limited liability corporations (Caremark Rx, L.L.C.) is itself owned entirely by a non-LLC corporation: CVS Pharmacy, Inc.

23. As a limited liability corporation, the citizenship of Caremark Texas derives from its owner (Caremark Texas Mail Pharmacy Holding, LLC), and this same principle applies to each of the limited liability corporations above it. CVS Pharmacy, Inc. is the first entity in the chain of ownership for which citizenship can be determined without

---

[3] *See also Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) ("The citizenship of an LLC is determined by the citizenship of each of its members."); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("Because [defendant] is a limited liability company, however, its citizenship is determined by the citizenship of all of its members."); *Winsauer v. UBS Sec., LLC*, No. A-06-ca-98-1Y, 2006 WL 8432655, at *2 (W.D. Tex. June 5, 2006) (collecting cases holding that LLCs maintain the citizenship of their members).

recourse to the citizenship of its owners.  *See Elizondo v. Keppel Amfels, L.L.C.*, No. 14-cv-220, 2015 WL 1976434, at *1 (S.D. Tex. May 1, 2015) (examining citizenship of corporation that was the sole owner of an LLC).  CVS Pharmacy, Inc. is a citizen of Rhode Island because it is both incorporated there and has its headquarters there.[4]  Applying *Harvey*, the Rhode Island citizenship of CVS Pharmacy, Inc. devolves to the LLC of which it is a sole member (Caremark Rx, L.L.C.), and so on through the chain of ownership to Caremark Texas.

24. Similarly, none of the six remaining limited liability company Defendants is a citizen of Texas:

- Defendant Sanofi-Aventis U.S. LLC has one member: Sanofi US Services Inc., which is incorporated in Delaware and headquartered in New Jersey. Therefore, Sanofi-Aventis U.S. LLC is a citizen of Delaware and New Jersey.

- Defendants Aetna Rx Home Delivery, LLC and Aetna Pharmacy Management Services, LLC, each have a single member: Aetna Health Holdings, LLC, which in turn is owned entirely by Aetna Inc.  Aetna Inc. is a citizen of Pennsylvania (the state in which it is incorporated) and Connecticut (the state in which it maintains its principal place of business).   Therefore, both Aetna Rx Home Delivery, LLC and Aetna Pharmacy Management Services, LLC are citizens of Pennsylvania and Connecticut.

- As set forth *supra* at 8-9, Defendants Caremark Rx, L.L.C., and Caremark, L.L.C., ultimately derive citizenship from CVS Pharmacy, Inc., and therefore are citizens of Rhode Island.  Likewise, Defendant Caremark PCS Health, L.L.C. is a Rhode Island citizen because it is entirely owned by CaremarkPCS, L.L.C., which is entirely owned by Caremark Rx, L.L.C.

---

[4] Where, as here, the corporation's headquarters is the corporation's "nerve center," its principal place of business will be where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

### B.     Even If Caremark Texas Were A Texas Citizen, Its Citizenship Should Be Ignored.

25.     Even if Caremark Texas were considered a Texas citizen, its citizenship should be disregarded for purposes of determining diversity jurisdiction because (i) it was improperly joined and (ii) it has not yet been served.

#### 1.     Caremark Texas Is Improperly Joined.

26.     The improper joinder doctrine permits a court to "ignore[] a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013). A defendant is improperly joined not only where the plaintiff's claim is directed against a foreign-state defendant falsely alleged to be a local citizen, but also where "the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199, 207-08 (5th Cir. 2016) (noting that the federal pleading standard under Rule 12(b)(6) provides the procedural framework for removal based on improper joinder). To pass muster under the federal pleading standards, "[f]actual allegations must be enough to raise a right to relief above the speculative level" against the improperly joined defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (internal citation omitted).

27.     Here, there is no possibility that Plaintiff can establish a cause of action against Caremark Texas because Plaintiff has not alleged that Caremark Texas had anything to do with the "scheme" alleged in the Petition. Of the Petition's 409 paragraphs,

10

only *three* even mention Caremark Texas. These paragraphs contain no substantive factual allegations, but instead merely allege that Caremark Texas is a "Texas limited liability company" that "is licensed with the Texas Board of Pharmacy and is registered with the Drug Enforcement Administration ('DEA') to dispense controlled substances, including diabetes medications." Pet ¶¶ 72-74. Nowhere does Plaintiff allege any actual wrongdoing by Caremark Texas that could give rise to a claim against it in connection with the issues in the litigation.

28. Indeed, the factual allegations in the Petition have nothing to do with Caremark Texas (or any other pharmacy). Plaintiff contends that insulin manufacturers engaged in a scheme with PBMs to inflate insulin prices. Pet. ¶ 10. Plaintiff alleges that the scheme had "three interrelated components": "(1) Manufacturer Defendants have agreed with each other and with PBM Defendants to artificially inflate the reported price for diabetes medications; (2) Manufacturer Defendants have agreed to send payments back to PBMs for each unit sold; and (3) in exchange for (1) and (2), PBMs have agreed to give Manufacturer Defendants' diabetes medications preferred placement on PBM's standard formularies resulting in increased utilization of those products." *Id.* ¶ 223. None of these allegations relates to Caremark Texas. Caremark Texas is not alleged to be (and is not) either a PBM or a manufacturer.

29. Caremark Texas is a pharmacy, and the only assertion in the Petition relating to pharmacies is the accusation that PBMs profit by "diverting sales to their profitable mail order pharmacies." *Id.* ¶ 18. But this generic assertion does not remotely suggest that Caremark Texas—or any other pharmacy for that matter—did anything to

11

further the scheme described in the Petition or otherwise engaged in any wrongdoing such that it should be held liable. *See, e.g.*, *City of Brownsville v. Sw. Bell Tel. Co.*, No. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "only two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing"); *McGoey v. State Farm Ins. Co.*, No. 06-8954, 2007 WL 1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant).[5]

30.     Finally, Plaintiff cannot rely on the Petition's undifferentiated, generalized allegations purporting to describe conduct of certain undefined "Defendants," as these allegations are not attributable to Caremark Texas. Plaintiff's "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Zamora Retail Ctr. Corp. v. Certain Underwriters At Lloyd's Syndicate 4242*, No. 11-cv-166, 2012 WL 12895262, at *4 (S.D.

---

[5] *See also Galler v. 21st Mortg. Corp.*, No. 14-cv-174, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (finding fraudulent joinder where the complaint "includes no allegations of fact at all regarding" the non-diverse defendant); *Lewis v. PNC Bank, NA.*, No. 13-cv-69, 2013 WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013) (finding fraudulent joinder where "[p]laintiff does not allege how [the non-diverse defendant] specifically committed any wrongdoing against him"); *Baker v. Select Portfolio Servicing, Inc.*, No. 12-cv-03493, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants); *Jones v. Mortg. Elec. Registration Sys., Inc.*, No. 12-cv-00035, 2012 WL 13028595, at *5 (N.D. Ga. Mar. 12, 2012) (finding fraudulent joinder where "[p]laintiffs do not allege any wrongdoing by" the non-diverse defendant); *Cammack New Liberty, LLC v. Vizterra, LLC*, No. 09-cv-15, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant).

Tex. Aug. 22, 2012) (internal citation omitted); *see also Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002) ("[G]eneric allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that [] the defendant was not fraudulently joined."), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003); *Shah v. Wyeth Pharm., Inc.*, No. 04-cv-8652, 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) ("[A]llegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity' on the part of each of the non-diverse defendants." (internal citation omitted)). Moreover, "[a]lthough [P]laintiff's complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only the [diverse defendants] are targeted." *Salisbury v. Purdue Pharma, L.P.,* 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001).[6]

### 2. Caremark Texas Has Not Been Served.

31. Furthermore, even if Caremark Texas were a citizen of Texas, there is complete diversity now because Caremark Texas has not been served with the Petition. In *Putnam v. Coleman*, No. 18-cv-0765, 2018 WL 4103233 (S.D. Tex. May 31, 2018), this Court held that non-diverse defendants that have not been served at the time of removal

---

[6] *See also In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) ("[T]he complaints . . . are devoid of specific allegations against the pharmacies. They are filled instead with general statements levied against all defendants, which most properly can be read as stating claims against the drug manufacturers."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL No. 1407, C02-423R, 2002 WL 34418423, at *2 (W.D. Wash. Nov. 27, 2002) ("[T]he complaint utilizes the plural 'defendants' in a number of allegations that one could not reasonably interpret to include [the non-diverse defendant].").

should not be considered for purposes of determining whether there is complete diversity between the parties. *Id.* at *2 (holding that removal was proper based on diversity jurisdiction because "the only defendant who is a citizen of Texas" had not been served "prior to removal"). Accordingly, because Caremark Texas has not been served by Plaintiff, its presence as a Texas citizen does not destroy complete diversity among the parties.

### C. The Amount In Controversy Exceeds $75,000.

32. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

33. Plaintiff alleges that it seeks "monetary relief over $1,000,000." Pet. ¶ 136. Accordingly, it is clear that the amount in controversy exceeds the amount required pursuant to 28 U.S.C. § 1332(b).

## II. All Other Removal Requirements Are Satisfied.

### A. This Notice of Removal Is Timely.

34. This Notice of Removal is timely filed. Defendants have not yet been served with the Petition and thus the 30-day deadline to file this Notice under 28 U.S.C. § 1446(b) has not yet begun. In addition, this Notice is being filed within one year of the commencement of this action. *Id.*

### B. All Defendants Have Consented To Removal.

35. None of the Defendants has been served but nevertheless all Defendants, with the exception of Novo Nordisk Inc., join in the notice of removal.

36. Novo Nordisk Inc. has not been served but nevertheless consents to removal.

37. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

### C. Written Notice Of Removal.

38. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

Defendants remove this action from the 61st Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated:   December 23, 2019                Respectfully submitted,

By:   /s/ *Bryce L. Callahan*
      Bryce L. Callahan
      **Attorney-in-Charge**
      State Bar No. 24055248
      S.D. Bar No. 680539
      **YETTER COLEMAN LLP**
      811 Main Street, Suite 4100
      Houston, Texas 77002
      Tel.: (713) 632-8000
      Facsimile: (713) 632-8002
      bcallahan@yettercoleman.com

        Shankar Duraiswamy
Henry B. Liu
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel.: (202) 662-6000
Facsimile: (202) 662-6291
sduraiswamy@cov.com
hliu@cov.com

*Attorneys for Defendant*
*Eli Lilly and Company*

By:

/s/ *Joshua L. Fuchs*
Joshua L. Fuchs
**Attorney-in-Charge**
Alexander G. Hughes
**JONES DAY**
717 Texas Street, Suite 3300
Houston, TX 77002
Tel.: (832) 239-3719
jlfuchs@jonesday.com
ahughes@jonesday.com

Julie E. McEvoy
(*pro hac vice forthcoming*)
William D. Coglianese
(*pro hac vice forthcoming*)
**JONES DAY**
51 Louisiana Avenue NW
Washington, DC 20001
Tel.: (202) 879-3939
jmcevoy@jonesday.com
wcoglianese@jonesday.com

*Attorneys for Defendant*
*Sanofi-Aventis U.S. LLC*

By: */s/ Winstol D. Carter, Jr.*
Winstol D. Carter, Jr.
**Attorney-in-Charge**
State Bar No. 03932950
S.D. Tex. No. 2934
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel.: (713) 890-5000
Facsimile: (713) 890-5001
winn.carter@morganlewis.com

Jason R. Scherr
(*pro hac vice forthcoming*)
Patrick A. Harvey
(*pro hac vice forthcoming*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004
Tel.: (202) 373-6000
Facsimile: (202) 373-6001
jr.scherr@morganlewis.com
patrick.harvey@morganlewis.com

Brendan R. Fee
(*pro hac vice forthcoming*)
1702 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5000
Facsimile:  (215) 963-5001
Brendan.fee@morganlewis.com

*Attorneys for Defendants Express Scripts Holding Company; Express Scripts, Inc.; ESI Mail Pharmacy Services, Inc.; and Express Scripts Pharmacy, Inc.*


By: */s/ Larry R. Veselka*
Larry R. Veselka
**Attorney-in-Charge**
State Bar No. 20555400
S.D. Tex. No. 6797

        Lee L. Kaplan
        State Bar No. 11094400
        S.D. Tex. No. 1840
        **SMYSER KAPLAN & VESELKA, L.L.P.**
        717 Texas Avenue, Suite 2800
        Houston, Texas  77002-2761
        Tel.: (713) 221-2300
        Facsimile:  (713) 221-2320
        lkaplan@skv.com
        lveselka@skv.com

        **WILLIAMS & CONNOLLY LLP**
        Enu Mainigi
        (*pro hac vice forthcoming*)
        Daniel M. Dockery
        (*pro hac vice forthcoming*)
        725 Twelfth Street, N.W.
        Washington, DC 20005
        Tel.: (202) 434-5000
        Facsimile: (202) 434-5029
        emainigi@wc.com
        ddockery@wc.com

        *Attorneys for CVS Health Corporation; Caremark Rx, L.L.C.; Caremark, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark Texas Mail Pharmacy, LLC; Aetna Rx Home Delivery, LLC; and Aetna Pharmacy Management Services, LLC.*


By:    /s/ *Andrew Hatchett*
        Andrew Hatchett
        **Attorney-in-Charge**
        State Bar No. 24085368
        S.D. Tex. No.  3490219
        **ALSTON & BIRD LLP**
        1201 West Peachtree Street NW
        Atlanta, GA 30309
        Tel.: (404) 881-7000
        Facsimile: (404) 881-7777
        andrew.hatchett@alston.com

Brian D. Boone
(*pro hac vice forthcoming*)
Emily C. McGowan
(*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
101 South Tryon Street
Charlotte, NC 28280
Tel.: (704) 444-1000
Facsimile: (704) 444-1111
brian.boone@alston.com
emily.mcgowan@alston.com

John Snyder
(*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
950 F Street NW
Washington, DC 20004
Tel.: (202) 239-3300
Facsimile: (202) 239-3333
john.snyder@alston.com

*Attorneys for Defendants Optum, Inc. and OptumRx Inc.*

**Certificate of Service**

I certify that on this 23rd day of December, 2019, the foregoing was served by email and/or by electronic filing service on all counsel of record.

*/s/ Bryce L. Callahan*
Bryce L. Callahan