United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COUNTY OF HARRIS, TEXAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4994 |
| | § | |
| ELI LILLY AND COMPANY, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Harris County's ("Harris County") motion for leave to file a fourth amended complaint and to strike. Dkt. 118. After reviewing the motion, response, reply, and applicable law, the court is of the opinion that Harris County's motion should be GRANTED.

## I. BACKGROUND

This is a complex civil conspiracy and fraud case in which Harris County alleges that the defendants conspired to fix the price of insulin in violation of various federal and state laws. *See generally* Dkt. 110. The defendants can be organized into two categories: Manufacturer Defendants and Pharmacy Benefit Manager Defendants ("PBM Defendants"). According to Harris County's third amended complaint ("TAC"), the Manufacturer Defendants "manufacture the vast majority of insulins and other diabetes medications currently on the market." Dkt. 110 at 7. The PBM Defendants "manage the pharmacy benefits for the vast majority of individuals in the United States." *Id.* at 9. The sole defendant to oppose Harris County's motion, OptumRX, Inc. ("OptumRX"), is a PBM Defendant.

Harris County filed its TAC on July 27, 2021, the deadline to file amended pleadings under the court's scheduling order.  *See* Dkt. 93.  One month later, Harris County moved for leave to file a fourth amended complaint ("FAC") and to strike portions of its TAC related to Optum RX.  Dkt. 118.

According to Harris County, the FAC does not include any new claims.  Rather, it reflects:

1.  One new Defendant, Express Scripts Administrators, LLC., who provides PBM services on behalf of the Express Scripts Defendants;

2.  Substantial new allegations related to Defendants' continuous and coordinated effort in furtherance of the Insulin Pricing Scheme;

3.  Additional paragraphs that clarify the focus and the scope of Defendants' fraudulent conduct;

4.  Additional details on the relationships between the PBM Defendants and their co- conspirators; and

5.  New allegations on the ways in which the PBM Defendants deceive diabetics and payors, including Harris County, to profit from the fraudulent scheme.

Dkt. 119 at 3.  Harris County is also withdrawing its allegation as to OptumRX that "[a]t different periods during the relevant time, Harris County used each PBM Defendant's formularies for the drugs at issue."  Dkt. 119 at 3.  In addition, Harris County is withdrawing its fraud claim against OptumRX.  *Id.* at 4.

Harris County explains that it did not file its proposed FAC before the scheduling order's deadline because its new allegations are largely derived from discovery materials produced by the Manufacturer Defendants between June 17 and August 3, 2021.  Dkt. 119 at 2.  Those materials include nearly four million pages of documents.  *Id.*  And many of those documents contained

"information about the relationship between the Manufacturers and the PBM Defendants." *Id.* at 6.

According to Harris County, it could not expeditiously review the produced material prior to the July 27 deadline. *Id.* at 2–3.  Furthermore, Harris County explains that its TAC did not omit the allegation and claim against OptumRX it now seeks to withdraw because it was unaware of the factual basis justifying the retraction until July 30, 2021, when OptumRX sent a demand letter and proposed Rule 11 motion. *Id.* at 3–4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs amendments to pleadings after a scheduling order's deadline to amend has passed.  *S & W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4); *see also Marable v. Dep't of Com.*, 857 F. App'x 836 (5th Cir. 2021).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536.

Under Rule 16, four factors determine whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 535.

If the movant satisfies Rule 16(b)'s requirements, the court determines whether to grant leave to amend under the more liberal Rule 15(a)(2) standard.  *See id.* at 536.  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue

delay, bad faith or dilatory motive[,]...undue prejudice to the opposing party . . ., and futility of amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

### III. ANALYSIS

The court finds good cause for the amendment. The delay is justified by the considerable discovery production that Harris County had to review. According to Harris County, that production serves as the basis for many of its new allegations, which serve the important purpose of clarifying the factual bases of its claims. OptumRX's silence on potential prejudice ameliorates the court's concern that the amendment meaningfully disadvantages the defendants. And to the extent that the amendment results in any delays, the court is mindful that docket call in this matter is not scheduled until February 18, 2023. Simply put, a brief continuance could cure any prejudice the defendants experience. Finally, none of the Rule 15 factors favor denying leave to amend.

### A.     Explanation for Failure to Timely Amend

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

Harris County identifies a nearly four-million-page document production by the Manufacturer Defendants as the cause of its untimely amendment. Dkt. 119 at 2. Those documents allegedly detail the Manufacturer Defendants' relationships with the PBM Defendants, including OptumRX. *Id.* And, critically, the production did not *begin* until June 17, 2021, a mere forty days before the July 27th deadline to amend. *Id.* at 5.

In its opposition brief, OptumRX does not refer to the "good cause" factors provided by the Fifth Circuit. *See* Dkt. 122 at 4–5. Though it rightfully notes that diligence is an important consideration when determining if Rule 16's "good cause" standard is satisfied, OptumRX argues that Harris County was not diligent in *retracting* some of its allegations against it. *Id.* at 5. Generally, an argument that a plaintiff did not act diligently weighs against granting leave—except OptumRX *approves* of the very retractions that it argues Harris County neglectfully kept in its TAC. *See id*. As to the factual allegations that Harris County *includes* in its proposed FAC, OptumRX argues that the Defendant Manufacturers' document production does not support the inclusion of *all* of the added allegations. *Id.* But this does not counsel in favor of denial.

It was not practicable for Harris County to review the Manufacturer Defendants' considerable discovery production within that condensed period *and* make any necessary amendments. It is well established that district courts in this circuit consider how soon after the passed deadline the plaintiff seeks to file an amended pleading. *See, e.g.*, *Copeland v. Alamo Billing Co.*, No. 4:20-CV-393-SDJ, 2021 WL 3578204, at *3 (E.D. Tex. Aug. 13, 2021) (concluding that an amendment request six months after the deadline was untimely). Thus, faced with either reviewing recently produced discovery or pursuing an amendment-by-right with a looming deadline, plaintiffs inescapably confront opportunity costs. On the one hand, reviewing discovery may yield important new information bearing on a plaintiff's case at the expense of forfeiting the right to amend. On the other, exercising the amendment right to make certain changes might delay discovery review, thereby necessitating amendment after the deadline. District courts are afforded "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations omitted). That

5

principle militates in favor of granting leave "when new facts become known through depositions and document productions while the case is pending." *See Robles v. Archer W. Contractors, LLC*, No. 3:14-CV-1306-M, 2015 WL 4979020, at *2 (N.D. Tex. Aug. 19, 2015).

Finally, courts are not keen to reward foot-dragging. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012). But that concern is not warranted here. Notably, Harris County filed the instant motion less than one month after the scheduling order's filing deadline. *See* Dkt. 118. Accordingly, its delayed request is neither unjustified nor egregiously untimely.

## B.      Importance of the Amendment

The second factor requires Harris County to identify "the importance of the amendment." *See S & W Enters.*, 315 F.3d at 536. Harris County explains that the amendment is important because it includes information that "more clearly define[s] the liability of each category of defendant" and "provide[s] a foundation for efficient discovery." Dkt. 119 at 6. In addition, the FAC reflects the withdrawn factual allegations and fraud claim against OptumRX. *Id.* Accordingly, Harris County has sufficiently identified the importance of its amendment.

## C.      Potential Prejudice to the Defendants

The court must also consider whether permitting an amendment will prejudice the defendants. Courts in this circuit have found prejudice where amendments would "delay trial, restart a case at an earlier stage, or otherwise unfairly limit a [party's] ability to present [its] case at trial." *Robles*, 2015 WL 4979020, at *3 (collecting cases); *see also Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008) (finding prejudice where the defendant would have "been forced to defend against a new claim . . . so late in the litigation").

Though Harris County initiated suit in late 2019, this litigation is still in its early stages: discovery is not scheduled to close until April 29, 2022, dispositive motions are not due until June 16, 2022, and docket call is planned for February 15, 2023.  Dkt. 93 at 1–2.  As to OptumRX— the only defendant to file any opposition to Harris County's motion—the amendment consists entirely of new factual allegations.  *See* Dkt. 118, Ex. 1.  Indeed, OptumRX does not even argue that the amendment would prejudice it.  *See* Dkt. 122.  Accordingly, the court finds that the amendment is unlikely to prejudice the defendants.

**D.      The Availability of a Continuance**

To the extent that there is any prejudice, a reasonable continuance is available.

**E.      Rule 15 Factors**

For all the same reasons, the court finds that leave to amend should also be granted under Rule 15.  The court finds no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or undue prejudice.  *See Jones*, 427 F.3d at 994.

OptumRX, however, argues that the amendment is futile.  In its telling, the court "only" allowed Harris County to "press its RICO claims . . . because it accepted the County's allegation that 'it pays the PBM Defendants directly for alleged overcharges.'"  Dkt. 122 at 6 (quoting Dkt. 66 at 32.)  Thus, OptumRX asserts that because Harris County purportedly "concedes" that it "has never paid OptumRX for insulin," Harris County's RICO claim cannot stand.  *Id.*

To be sure, the court concluded that the out-of-circuit district court cases the defendants cited in support of their motion to dismiss were unpersuasive (as well as unauthoritative) because Harris County claimed that "it pays the PBM Defendants directly for alleged overcharges."  Dkt. 66 at 32.  But this was not the "only" basis for the court's conclusion.  The very next clause

7

in the court's order provides a second reason: "the PBM Defendants supply some of the at-issue drugs directly to Harris County through [their] mail-order pharmacies." *Id.*

OptumRX has not shown the amendment would be futile.

### IV. CONCLUSION

Harris County's motion for leave to file a fourth amended complaint and to strike (Dkt. 118) is GRANTED.

Signed at Houston, Texas on September 27, 2021.

Gray H. Miller
Senior United States District Judge